UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3169-BO

WILLIAM HENCLEY DAVIS, )
    Plaintiff, )
  )
v. ) ORDER
  )
TOMMY CASTELLO, et al., )
    Defendants. )

William Hencley Davis, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. On June 7, 2010, the matter was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The complaint was difficult to follow, and in an abundance of caution, the court further held that any attempt to file an action in habeas was dismissed (D.E. # 4) without prejudice to allow petitioner to seek authorization to file this application in the Eastern District of North Carolina. The certificate of appealability was likewise denied. The order further directed that a box of items received by the court on May 25, 2010, be receive stamped as of that date.[1] The Clerk was ordered to enter a docket entry reflecting the receipt of the materials and to hold the items pending any appellate process. At the conclusion thereof, plaintiff was to be allowed 21 days to seek the return of the items. At this time, plaintiff has filed a "motion for stay or injunction pending refiling" (D.E. # 9), a "motion to dismiss and strike from record" (D.E. # 10), and a "motion to preserve evidence" (D.E. # 12).

---

[1] As noted in the June 7, 2010, order the box of items contains numerous items. Many of the items were not able to be scanned and appeared to have no correlation to the filing of this case.

On June 22, 2010, plaintiff filed a new complaint in this district. Davis v. Castelloe, 10-CT-3102-D. Therefore, his motion to stay or injunction pending refiling of a new case is MOOT and DENIED (D.E.# 9).

His motion to dismiss and strike from the record the court's discussion regarding habeas corpus is DENIED (D.E. #10). This motion is based on the court's inclusion of a habeas corpus discussion in its June 7, 2010, order. The court considers the motion to be one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Davis must demonstrate a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change. Davis has not meet this burden.

2

Lastly, his motion to preserve evidence shall be construed as a motion to submit the evidence received by the court on May 25, 2010 into <u>Davis</u>, 10-CT-3102-D. Therefore, the court order of June 7, 2010, is modified in that it directs the Clerk to hold the evidence pending any appellate process within this case. The Clerk is further directed to enter into <u>Davis</u>, 10-CT-3102-D, a docket entry regarding this evidence.

Accordingly, the "motion for stay or injunction pending refiling" (D.E. # 9) is DENIED as MOOT, the "motion to dismiss and strike from record" (D.E. # 10) is DENIED, and a "motion to preserve evidence" (D.E. # 12) is ALLOWED for the limited purposes as set out above.

SO ORDERED, this the ___ day of January 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3